JANET M. HEROLD
Regional Solicitor
IAN H. ELIASOPH (CSBN 227557)
Counsel for ERISA
GRACE A. KIM, Trial Attorney (CSBN 247456)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3950
Facsimile:  (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor, <br><br>                    Plaintiff, <br><br>v. <br><br>**DRAEGER CONSTRUCTION, INC.,** a California corporation; <br><br>**DRAEGER CONSTRUCTION, LLC,** a Nevada limited liability company; <br><br>**DRAEGER CONSTRUCTION, INC. HEALTH AND WELFARE PLAN,** an employee benefit plan; <br><br>**JEFFREY DRAEGER,** an individual. <br><br>                    Defendants. | Case No. CV 15-4668 <br><br><br>**COMPLAINT FOR VIOLATIONS OF ERISA** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), brings this action against DRAEGER CONSTRUCTION, INC., a California corporation ("DCI"); DRAEGER CONSTRUCTION, LLC, a Nevada limited liability company ("DCL") (collectively,

DCI and DCL are hereafter referred to as the "Corporate Defendants"); JEFFREY DRAEGER, an individual ("Draeger"); and the DRAEGER CONSTRUCTION, INC. HEALTH AND WELFARE PLAN (the "Plan"), an employee benefit plan as defined by the Employee Retirement Security Act of 1974 ("ERISA") (all aforementioned defendants are collectively referred to as "Defendants"), and hereby alleges:

1. This action arises under Title I of ERISA, as amended, 29 U.S.C. §§ 1001-1191c, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of ERISA.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the district court for the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because at all relevant times, the Plan has been administered in or around San Jose, California, and the breaches took place in or around San Jose, California, which lies within this district.

## DEFENDANTS

4. The Plan is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

5. At all relevant times, DCI was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a

party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

6. At all relevant times, DCL was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

7. At all relevant times, Draeger was and is a fiduciary of the Plan within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii); and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A); and exercised discretionary authority and control respecting the management and disposition of the Plan and its assets and exercised discretionary authority and responsibility in the administration of the Plan.

8. The Plan is named as a Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

## ALLEGATIONS

**Draeger and the Corporate Defendants Failed to Forward Withheld Employee Contributions and COBRA Payments to the Plan**

9. Paragraphs 1-8 above are realleged and incorporated herein by reference.

10. At all relevant times, the Corporate Defendants were related construction companies based in San Jose, California (DCI) and Las Vegas, Nevada (DCL).

11. The Corporate Defendants ceased operations on or about October 11, 2012.

12. Prior to ceasing operations, the Corporate Defendants specialized in building and repairing common interest developments, such as condominiums and townhomes.

13. The Plan was a fully insured health and welfare plan that was established by the Corporate Defendants on or around July 1, 1998 for their employees.  The Plan most recently offered its employees medical, dental, vision, life, and other coverage.  The Plan was funded by 50% employee contributions and 50% employer contributions for health and dental coverage, and 100% employee contributions for vision and life insurance coverage.

14. The Corporate Defendants were named as Plan Sponsor and Plan Administrator and were responsible for collecting and forwarding employee contributions withheld from participants' paychecks to the Plan and for the satisfaction of notice, disclosure, and other obligations placed on administrators pursuant to ERISA.

15. The Corporate Defendants also acted as Consolidated Omnibus Budget Reconciliation Act ("COBRA") administrator and were responsible for forwarding COBRA payments received from participants to the Plan.

16. Defendant Draeger was DCI's CEO and an authorized signatory to the Corporate Defendants' bank accounts with the authority to transfer funds to and from these accounts.  Among other duties, Draeger signed payroll checks and checks sent on the Corporate Defendants' behalf to pay the Plan's insurance premiums.

17. During the period from at least August 3, 2012 through October 19, 2012, Draeger and the Corporate Defendants engaged in a practice where they withheld employee contributions totaling not less than $60,080.07 from Plan participants' weekly paychecks but failed to forward these amounts to the Plan.  The employee contributions were reasonably segregable from the Corporate Defendants' assets in thirty (30) days.

18. Instead of remitting these withheld employee contributions to the Plan, Draeger and the Corporate Defendants retained and commingled these Plan assets within the Company's general banking account such that these amounts could be used for non-Plan purposes.

19. During the period from at least August 3, 2012 through October 19, 2012, Draeger and the Corporate Defendants engaged in a practice where they received not less than $3,264.96 in COBRA payments from participants but failed to forward these amounts to the Plan.

20. Instead or remitting these COBRA payments to the Plan, Draeger and the Corporate Defendants retained and commingled these Plan assets within the Company's general banking account such that these amounts could be used for non-Plan purposes.

**Draeger and the Corporate Defendants Failed to Provide Participants With Timely Notice That They Were at Risk of Losing Their Insurance Coverage, and in Fact Lost Their Insurance Coverage, Due to the Fiduciaries' Nonpayment of Insurance Premiums**

21. Paragraphs 9-20 above are realleged and incorporated herein by reference.

22. During the relevant time period, insurance providers, including but not limited to Anthem Blue Cross and Coventry (now Aetna), sent the Corporate Defendants invoices on a monthly basis notifying Corporate Defendants of the period of insurance coverage for the Plan and its participants, amounts previously received for insurance premiums, and current balance for insurance premiums. These insurance providers also sent the Corporate Defendants delinquency notices when they did not receive timely payment from the Corporate Defendants, highlighting the amounts still due for insurance premiums for the Plan and its participants.

23. During the period from at least August 3, 2012 through when the Corporate Defendants ceased operations and stopped issuing payroll checks on or around October 19, 2012, Draeger and the Corporate Defendants failed to pay the monthly insurance premiums due to these providers to ensure that Plan participants maintained their insurance coverage. As a result, these insurance providers cancelled their coverage for Plan participants due to non-payment of premiums. Anthem cancelled its insurance coverage for Plan participants via letter dated October 8, 2012, with a retroactive cancellation date of September 1, 2012. Coventry/Aetna cancelled its insurance coverage via letter dated November 21, 2012 with a retroactive cancellation date of September 1, 2012.

24. Despite receiving numerous delinquency notices reminding them that insurance premiums had not been paid and that Plan participants' insurance coverage was at risk of being cancelled, Draeger and the Corporate Defendants failed to timely notify Plan participants of this risk so that participants could have arranged alternate insurance coverage and/or have delayed elective treatment. Draeger and the Corporate Defendants further failed to timely notify Plan participants that their insurance coverage had, in fact, been cancelled. As a result of Draeger and the Corporate Defendants' failure to provide timely notice, Plan participants incurred not less than $62,494.12 in uncovered medical claims due solely to the fact that they lacked insurance coverage due to the fiduciaries' non-payment of premiums.

**VIOLATIONS OF ERISA**

25. By the conduct described in paragraphs 9-20 above, Draeger and the Corporate Defendants, acting in their fiduciary capacities:
   a. Failed to hold Plan assets for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses

of administering the Plan, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

b. Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

c. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

d. Caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

e. Dealt with assets of the Plan in their own interests and acted on behalf of a party whose interests are adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(1) and (2), 29 U.S.C. § 1106(b)(1) and (2).

26. By the conduct described in paragraphs 21-24 above, Draeger and the Corporate Defendants, acting in their fiduciary capacities:

a. Failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of Plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

b. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like

character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

27. As a direct and proximate result of the breaches of fiduciary duties committed by Draeger and the Corporate Defendants, as described above, the Plan has suffered losses, for which Draeger and the Corporate Defendants are jointly and severally liable, pursuant to ERISA § 409, 29 U.S.C. § 1109.

28. DCI is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged above because: (1) it knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) it enabled the other Defendants to commit such breaches by its failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of its specific responsibilities which gave rise to its status as a fiduciary; or (3) it had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

29. DCL is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged above because: (1) it knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) it enabled the other Defendants to commit such breaches by its failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of its specific responsibilities which gave rise to its status as a fiduciary; or (3) it had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

30. Draeger is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged above because: (1) he knowingly participated in, or knowingly undertook to conceal, acts or omissions, of the other Defendants; (2) he enabled the other Defendants to commit such breaches by his failure to comply with ERISA § 404(a)(1)(A), (B), 29 U.S.C. § 1104(a)(1)(A), (B), in the administration of his specific responsibilities which gave rise to his status as

a fiduciary; or (3) he had knowledge of the other Defendants' breaches and failed to make reasonable efforts under the circumstances to remedy such breaches.

31. As a direct and proximate result of the breaches of fiduciary duties committed by Draeger and the Corporate Defendants, as described above, the Plan has suffered harm, in the form of uncovered medical claims for its participants, for which Draeger and the Corporate Defendants are jointly and severally liable.

32. As a direct and proximate result of the breaches and violations set forth above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, including restoration of all Plan losses, pursuant to ERISA §§ 409 and 502(a)(2), 29 U.S.C. § 1109 and § 1132(a)(2), and payment of Plan participants' uncovered medical claims during participants' period of lapsed coverage resulting from Draeger and the Corporate Defendants' fiduciary breaches, pursuant to ERISA §502(a)(5), 29 U.S.C. §§ 1132(a)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A. Ordering Draeger and the Corporate Defendants to restore to the Plan any losses resulting from fiduciary breaches committed by them or for which they are liable;

B. Ordering Draeger and the Corporate Defendants to correct the prohibited transactions in which they engaged or in which they caused the Plan to engage;

C. Permanently enjoining Draeger and the Corporate Defendants from violating the provisions of Title I of ERISA;

D. Removing Draeger and the Corporate Defendants as fiduciaries to the Plan;

E. Permanently enjoining Draeger from serving as a fiduciary to any ERISA covered plans;

F. Ordering Draeger and the Corporate Defendants to pay all uncovered medical claims incurred by Plan participants as a result of the aforementioned fiduciary breaches;

G. If necessary, ordering the appointment of an independent fiduciary to distribute recovered amounts to Plan participants;

H. Awarding the Secretary the costs of pursuing this action; and

I. Ordering such further relief as the Court deems to be appropriate and just.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

IAN H. ELIASOPH
Counsel for ERISA

Dated: October 8, 2015            __/s/ Grace A. Kim_____
GRACE A. KIM
Trial Attorney
Attorneys for the Secretary