JANET M. HEROLD
Regional Solicitor
IAN H. ELIASOPH (CSBN 227557)
Counsel for ERISA
GRACE A. KIM, Trial Attorney (CSBN 247456)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3950
Facsimile: (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor,<br><br>       Plaintiff,<br><br>v.<br><br>**DRAEGER CONSTRUCTION, INC.,** a California corporation;<br><br>**DRAEGER CONSTRUCTION, LLC,** a Nevada limited liability company;<br><br>**DRAEGER CONSTRUCTION, INC. HEALTH AND WELFARE PLAN,** an employee benefit plan;<br><br>**JEFFREY DRAEGER,** an individual.<br><br>       Defendants. | **Case No. CV 15-4668 BLF**<br><br>~~(PROPOSED)~~ **CONSENT JUDGMENT** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), pursuant to his authority under Sections 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against, among others, JEFFREY

DRAEGER, an individual ("Draeger"). The Secretary and Draeger (the "Parties") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this consent judgment ("Consent Judgment" or "Judgment") in accordance herewith.

    A.    The Parties admit that the Court has jurisdiction over this action pursuant to ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the District Court for the Northern District of California pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

    B.    The Secretary has alleged that Defendant Draeger violated Sections 403, 404, and 406 of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1103, 1104, 1106, respectively: (1) by failing to forward withheld employee contributions and COBRA repayments to the Draeger Construction, Inc. Health and Welfare Plan, an employee benefit plan as defined by ERISA (the "Plan"); and (2) by failing to provide Plan participants with notice that they were at risk of losing their health insurance coverage, and in fact lost said coverage, due to the Plan fiduciaries' nonpayment of insurance premiums, and as alleged more fully in the Complaint.

    C.    The Secretary has alleged that as a result of the aforementioned violations of ERISA, Defendant Draeger is jointly and severally liable pursuant to ERISA Section 409, 29 U.S.C. § 1109, for Plan losses and uncovered medical claims for Plan participants, and as alleged more fully in the Complaint.

    D.    The Parties agree to entry of this Consent Judgment. The Parties further agree that this Consent Judgment shall fully settle all claims asserted by the Secretary in the Complaint.

    E.    Defendant Draeger acknowledges receipt of the Complaint and hereby waives service of process of the Summons and the Complaint.

    F.    The Parties expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. Defendant Draeger is liable for **$94,174.06** and judgment is hereby entered against him in said amount ("Judgment Amount"). The Judgment Amount is comprised of: (1) $31,679.94 in Plan losses in the form of outstanding employee contributions not forwarded to the Plan; and (2) $62,494.12 in Plan participants' uncovered medical claims resulting from their loss of health insurance coverage due to the Plan fiduciaries' nonpayment of premiums.

2. The monetary provisions of this Consent Judgment shall be as follows:

    a. On or before March 15, 2016, Defendant Draeger shall initiate a first installment payment of the Judgment Amount totaling $20,000.00 ("First Installment Payment"). The First Installment Payment shall be via check or automated electronic payment, whichever is preferred by each Plan participant, to each Plan participant who is owed funds in accordance with the proportional amounts due to each Plan participant as determined by the United States Department of Labor, Employee Benefits Security Administration ("EBSA"), and as previously provided to Defendant Draeger. The Secretary shall be authorized to provide Plan participant contact information to Defendant Draeger to facilitate payment of the Judgment Amount. Attached as **Exhibit A** is a summary of the portion of the Judgment Amount due and owing to each Plan participant, as calculated by EBSA.

    b. On or before April 15, 2016, and on a monthly basis thereafter on the first of each month for a period of thirty six (36) consecutive months, Defendant Draeger shall make subsequent installment payments in the amount of $2,060.39 per month for the remaining balance, or $74,174.06, of the Judgment Amount ("Subsequent Installment Payments"). The Subsequent Installment Payments shall be via check or automated electronic payment, whichever is preferred by each Plan participant, to each Plan participant

who is owed funds in accordance with the proportional amounts due to each Plan participant as determined by EBSA and as previously provided to Defendant Draeger. The Subsequent Installment Payment schedule is set forth in the attached **Exhibit B.**

    c. Defendant Draeger may pay the Judgment Amount early at any time and without penalty.

    d. At the end of each month until the Judgment Amount is paid in full, Defendant Draeger shall provide: (1) written confirmation to EBSA (with reference to "Draeger, EBSA Case No. 70-015489(48)") that the payments due to date have been proportionally paid, and (2) written notice to EBSA regarding whether any payments to any of the Plan participants have either been returned to Defendant Draeger or otherwise not deposited. Said written confirmation and notice shall be sent to:

> Regional Director
> Employee Benefits Security Administration
> United States Department of Labor
> 90 7th Street, Suite 11-300
> San Francisco, CA 94103-6712

3. Within ten (10) calendar days of signing the Consent Judgment, Defendant Draeger shall execute one deed of trust to secure the Judgment Amount and installment payment schedule outlined above. The deed of trust shall be recorded against the real property commonly known as 1017 Vista Del Mar, San Jose, California, 95132 (the "Property"). Defendant Draeger has provided proof to the Secretary: (1) of any current encumbrances on the Property; and (2) that there is sufficient equity on the Property to satisfy the Judgment Amount. Defendant Draeger shall not further encumber the Property at any time before the Judgment Amount is paid in its entirety. If Defendant Draeger defaults on his payment obligations as outlined above, he shall be given thirty (30) calendar days written notice to cure the default. Written notice shall be sent to Jeffrey Draeger at his last known ad-

dress as well as by email to: jgdraeger@pro-craftbuilders.com and attorney Gordon J. Finwall (email only) at: Gordon@FinwallLaw.com. Defendant Draeger may update his contact information by providing written notice to the Regional Director at the address provided in Paragraph 2(d), supra; any changes to Defendant Draeger's contact information shall be effective fourteen (14) days after receipt by the Regional Director. If Defendant Draeger fails to cure the default, the Secretary shall, at his discretion and without further notice to Defendant Draeger, cause the trustee, identified in the deed of trust or subsequently substituted, to sell the Property to satisfy the outstanding balance of the Judgment Amount. For the purposes of this paragraph, a default is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

4. Once Defendant Draeger has paid the full Judgment Amount, he shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1), in the amount of **$18,834.81** ("Penalty Amount"). The Penalty Amount shall be subject to change to include lost opportunity costs, including but not limited to lost interest calculated at the relevant rate, should Defendant Draeger default or delay on any of the payment terms outlined in this Judgment. Defendant Draeger waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Upon assessment, payment of the Penalty Amount shall be made immediately unless Defendant files a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87, and the Secretary agrees to waive or reduce the penalty. In the event that the Secretary does not agree to waive or reduce the penalty, Defendant shall remit the Penalty Amount to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendant's petition. Defendant may not challenge the Secretary's decision regarding any petition submitted to waive or reduce the Penalty Amount.

5. Defendant Draeger shall hereby be removed as a fiduciary to the Plan.

6. Defendant Draeger shall hereby be permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001-1191c.

7. Defendant Draeger shall hereby be permanently enjoined and restrained from serving as a fiduciary or service provider in connection with any ERISA covered plan.

8. Defendant Draeger expressly waives any and all claims of any nature which he may have against the Secretary, the United States Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of, or in connection with, the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto, or based on the Equal Access to Justice Act, as amended.

9. The Parties shall each bear their own costs, expenses, and attorney's fees incurred in connection with any stage of this proceeding, including but not limited to attorney's fees which may be available under the Equal Access to Justice Act, as amended.

10. Nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration, in relation to the specific civil allegations set forth in this Complaint, or on any private party not named in this action.

11. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

12. By signing their names to this Consent Judgment and Order, the Parties each represent that they are informed and understand the effect and purpose of this Consent Judgment and Order.

13. Any person signing this Consent Judgment and Order on behalf of a party expressly acknowledges and represents that he or she has the authority to sign for, and legally bind, that party.

14. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

1 | The Court directs the entry of this Consent Judgment and Order as a final order.
2 |
3 |   IT IS SO ORDERED.
4 |
5 | Dated: January 29, 2016          /s/ Beth Labson Freeman
6 |                                  The Hon. Beth Labson Freeman
7 |                                  United States District Judge

Entry of this Consent Judgment and Order is hereby consented to:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

IAN H. ELIASOPH
Counsel for ERISA

Dated: Jan. 29, 2016

_____
GRACE A. KIM
Trial Attorney
Attorneys for Plaintiff Secretary of Labor

Dated: 1/28/16

_____
DEFENDANT JEFFREY DRAEGER

JEFFREY G. DRAEGER
(Print Name)

This Consent Judgment is approved as to form by:

Dated: 1/28/16

_____
GORDON J. FINWALL
Attorney for Defendant Jeffrey Draeger

(PROPOSED) CONSENT JUDGMENT

## EXHIBIT A TO CONSENT JUDGMENT

|  | Plan Participant Initials[1] | Outstanding Employee Contributions Owed | Uncovered Medical Claim Amount Owed | Total Owed to Plan Participant |
|---|---|---|---|---|
| 1 | A. A. | $92.54 | - | $92.54 |
| 2 | H. B. | $274.51 | - | $274.51 |
| 3 | S. B. | - | $1,338.82 | $1,338.82 |
| 4 | J. B. | $123.80 | - | $123.80 |
| 5 | A. B. | $298.68 | - | $298.68 |
| 6 | B. B. | $85.50 | - | $85.50 |
| 7 | M. B. | $466.22 | - | $466.22 |
| 8 | G. B. | $126.75 | - | $126.75 |
| 9 | S. B. | $114.78 | - | $114.78 |
| 10 | M. B. | $201.93 | - | $201.93 |
| 11 | A. B. | $581.82 | $750.00 | $1,331.82 |
| 12 | E. C. | $184.79 | - | $184.79 |
| 13 | B. C. | $88.07 | - | $88.07 |
| 14 | V. C. | $243.84 | - | $243.84 |
| 15 | R. C. | $66.08 | - | $66.08 |
| 16 | L. C. | - | $136.00 | $136.00 |
| 17 | V. C. | $298.68 | - | $298.68 |
| 18 | G. C. | $88.07 | - | $88.07 |
| 19 | D. C. | - | $2,524.00 | $2,524.00 |
| 20 | G. C. | $43.37 | - | $43.37 |
| 21 | H. D. | $460.86 | $9.43 | $470.29 |

[1] Full names of Plan participants have been omitted from this Consent Judgment for privacy reasons. Plaintiff Secretary of Labor has separately provided full names and other information to Defendant Draeger to facilitate payment of the Judgment Amount.

(PROPOSED) CONSENT JUDGMENT                                                       Page 10 of 15

| 22 | J. D. | -         | $512.00     | $512.00     |
|----|-------|-----------|-------------|-------------|
| 23 | G. E. | $989.69   | -           | $989.69     |
| 24 | M. E. | $342.07   | -           | $342.07     |
| 25 | Z. E. | $10.30    | -           | $10.30      |
| 26 | E. F. | $39.16    | -           | $39.16      |
| 27 | L. G. | -         | $163.00     | $163.00     |
| 28 | A. G. | $236.12   | -           | $236.12     |
| 29 | R. G. | $471.10   | -           | $471.10     |
| 30 | M. G. | $484.84   | $355.00     | $839.84     |
| 31 | G. G. | $160.71   | -           | $160.71     |
| 32 | J. H. | $343.08   | -           | $343.08     |
| 33 | E. H. | $66.64    | -           | $66.64      |
| 34 | J. H. | $214.82   | -           | $214.82     |
| 35 | J. H. | $97.88    | -           | $97.88      |
| 36 | R. H. | $684.66   | -           | $684.66     |
| 37 | D. H. | $274.45   | -           | $274.45     |
| 38 | L. H. | $606.16   | -           | $606.16     |
| 39 | B. J. | $134.64   | -           | $134.64     |
| 40 | N. K. | $54.22    | -           | $54.22      |
| 41 | M. K. | $66.04    | -           | $66.04      |
| 42 | B. L. | -         | $298.00     | $298.00     |
| 43 | T. L. | $1,175.23 | -           | $1,175.23   |
| 44 | A. L. | $282.52   | $195.00     | $477.52     |
| 45 | K. L. | $147.00   | -           | $147.00     |
| 46 | C. L. | -         | $18,819.59  | $18,819.59  |
| 47 | M. L. | $1,469.04 | $1,572.75   | $3,041.79   |
| 48 | C. M. | $683.79   | -           | $683.79     |
| 49 | M. M. | $298.68   | -           | $298.68     |

| | | | | |
|---|---|---|---|---|
| 50 | M. M. | $1,671.36 | - | $1,671.36 |
| 51 | D. M. | $1,117.75 | $791.50 | $1,909.25 |
| 52 | K. M. | - | $319.00 | $319.00 |
| 53 | L. M. | $761.60 | - | $761.60 |
| 54 | J. M. | $1,401.31 | - | $1,401.31 |
| 55 | B. M. | $780.97 | - | $780.97 |
| 56 | A. M. | $343.08 | $425.00 | $768.08 |
| 57 | R. M. | $527.94 | $1,283.32 | $1,811.26 |
| 58 | G. M. | $581.82 | - | $581.82 |
| 59 | D. N. | $965.56 | $946.68 | $1,912.24 |
| 60 | F. O. | $71.72 | - | $71.72 |
| 61 | F. O. | $274.45 | - | $274.45 |
| 62 | R. P. | $233.07 | - | $233.07 |
| 63 | C. P. | $205.18 | - | $205.18 |
| 64 | P. P. | $203.16 | - | $203.16 |
| 65 | D. P. | $280.64 | - | $280.64 |
| 66 | F. Q. | $787.06 | - | $787.06 |
| 67 | S. Q. | - | $52.26 | $52.26 |
| 68 | S. R. | - | $69.37 | $69.37 |
| 69 | J. R. | $82.31 | - | $82.31 |
| 70 | A. R. | $110.10 | - | $110.10 |
| 71 | H. S. | $694.72 | - | $694.72 |
| 72 | G. S. | $98.36 | - | $98.36 |
| 73 | L. S. | $98.36 | - | $98.36 |
| 74 | K. S. | - | $882.61 | $882.61 |
| 75 | M. S. | $1,653.83 | - | $1,653.83 |
| 76 | O. S. | $336.74 | - | $336.74 |
| 77 | B. S. | - | $255.00 | $255.00 |

| | | | | |
|---|---|---|---|---|
| 78 | E. S. | $123.79 | - | $123.79 |
| 79 | J. S. | $110.42 | - | $110.42 |
| 80 | C. S. | $80.78 | $5,001.10 | $5,081.88 |
| 81 | S. T. | $1,377.85 | $800.00 | $2,177.85 |
| 82 | J. V. | - | $80.00 | $80.00 |
| 83 | D. V. | $298.68 | - | $298.68 |
| 84 | J. V. | $336.74 | - | $336.74 |
| 85 | J. V. | $436.81 | - | $436.81 |
| 86 | A. V. | $1,671.36 | $18,516.86 | $20,188.22 |
| 87 | R. W. | $180.23 | - | $180.23 |
| 88 | D. W. | $324.59 | $6,397.83 | $6,722.42 |
| 89 | M. Y. | $161.50 | - | $161.50 |
| | **Total** | $31,679.94 | $62,494.12 | $94,174.06 (Judgment Amount) |

## **EXHIBIT B** TO CONSENT JUDGMENT

| Payment No. | Date Due | Amount Due |
|---|---|---|
| 1 | 03/15/2016 | $20,000.00 |
| 2 | 04/15/2016 | $2,060.39 |
| 3 | 05/15/2016 | $2,060.39 |
| 4 | 06/15/2016 | $2,060.39 |
| 5 | 07/15/2016 | $2,060.39 |
| 6 | 08/15/2016 | $2,060.39 |
| 7 | 09/15/2016 | $2,060.39 |
| 8 | 10/15/2016 | $2,060.39 |
| 9 | 11/15/2016 | $2,060.39 |
| 10 | 12/15/2016 | $2,060.39 |
| 11 | 01/15/2017 | $2,060.39 |
| 12 | 02/15/2017 | $2,060.39 |
| 13 | 03/15/2017 | $2,060.39 |
| 14 | 04/15/2017 | $2,060.39 |
| 15 | 05/15/2017 | $2,060.39 |
| 16 | 06/15/2017 | $2,060.39 |
| 17 | 07/15/2017 | $2,060.39 |
| 18 | 08/15/2017 | $2,060.39 |
| 19 | 09/15/2017 | $2,060.39 |
| 20 | 10/15/2017 | $2,060.39 |

| 21 | 11/15/2017 | $2,060.39 |
|---|---|---|
| 22 | 12/15/2017 | $2,060.39 |
| 23 | 01/15/2018 | $2,060.39 |
| 24 | 02/15/2018 | $2,060.39 |
| 25 | 03/15/2018 | $2,060.39 |
| 26 | 04/15/2018 | $2,060.39 |
| 27 | 05/15/2018 | $2,060.39 |
| 28 | 06/15/2018 | $2,060.39 |
| 29 | 07/15/2018 | $2,060.39 |
| 30 | 08/15/2018 | $2,060.39 |
| 31 | 09/15/2018 | $2,060.39 |
| 32 | 10/15/2018 | $2,060.39 |
| 33 | 11/15/2018 | $2,060.39 |
| 34 | 12/15/2018 | $2,060.39 |
| 35 | 01/15/2019 | $2,060.39 |
| 36 | 02/15/2019 | $2,060.39 |
| 37 | 03/15/2019 | $2,060.41 |
|  | **Total:** | **$94,174.06** |